# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

RICHARD DAVID RODRIGUEZ,

        Plaintiff,

v.

        No. 1:18-cv-988-KRS

NANCY A. BERRYHILL,
Deputy Commissioner for Operations
of the Social Security Administration,

        Defendant.

## **ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION**

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Reconsideration, (Doc. 20), filed April 8, 2019. Having considered the motion and Defendant's Response, (Doc. 21), filed April 22, 2019, the Court finds that Plaintiff's request for reconsideration should be granted in part as detailed below.

On January 11, 2019, Defendant filed a motion to dismiss Plaintiff's complaint, (Doc. 17), arguing that Plaintiff's claim was still pending before the Social Security Appeals Council and thus the Court was without jurisdiction to entertain the action. On February 14, 2019, the Court entered an Order to Show Cause, (Doc. 18), wherein it directed Plaintiff to show cause as to why his complaint should not be dismissed. Plaintiff failed to respond to the order and, on March 5, 2019, the Court dismissed Plaintiff's case for lack of jurisdiction. (Doc. 19).

Plaintiff now brings the instant motion which does not ask the Court to reconsider its order of dismissal. Rather, Plaintiff moves the Court to reconsider the Administrative Law Judge's decision. In support of his motion, Plaintiff attached more than forty (40) pages of "new" medical evidence which he asks this Court to consider. *See* Doc. 20-1. Yet, the Court cannot consider medical evidence outside of the record from the underlying agency action. *See,*

*e.g.*, *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016) (explaining that judicial review is limited to determining "whether substantial evidence supports the [ALJ's] factual findings and whether the ALJ applied the correct legal standards").

Notwithstanding the above, on March 25, 2019, the Appeals Council denied Plaintiff's request for review. *See* Doc. 21-1. And, now that the Commissioner's decision is final, it appears that Plaintiff would like to move forward with his case. *See Sims v. Apfel*, 530 U.S. 103, 106 (2000) (explaining that an individual may obtain judicial review of a disability decision after the Social Security Appeals Council either grants review of a claim and issues a decision or denies a request for review). Accordingly, the Court will read Plaintiff's motion as a request to vacate the Court's order of dismissal and proceed with Plaintiff's civil action.

The Court notes that, from a technical standpoint, one wishing to challenge a Social Security disability determination may only commence a civil action once the Commissioner's decision is final. *See* 42 U.S.C. § 405(g) ("Any individual, *after* any final decision of the Commissioner of Social Security made after a hearing to which he was a party… may obtain a review of such decision by a civil action commenced within sixty days *after* the mailing to him of notice of such decision.") (emphasis added). *See also* 20 C.F.R. § 416.1481 ("You may file an action in a Federal district court within 60 days *after* the date you receive notice of the Appeals Council's action.") (emphasis added).

However, because the Commissioner's decision became final on March 25, 2019, and considering Plaintiff's pro se status and the fact that Defendant has no opposition to the Court reopening the case at bar, *see* Doc. 21, p. 2, the Court will grant Plaintiff's motion to the extent it can be read as a request to vacate the Court's order of dismissal and proceed with the prematurely filed action. The Court will not consider the argumentation contained in Plaintiff's

motion which addresses the merits of Plaintiff's complaint, and it will strike from the record Plaintiff's Exhibit 1 (Doc. 20-1).

**IT IS, THEREFORE, ORDERED** that the Court's Order Dismissing Case for Lack of Jurisdiction, (Doc. 19), is hereby VACATED, and the Court will consider Plaintiff's Complaint, (Doc. 1), timely filed as of March 25, 2019.

**IT IS FURTHER ORDERED** that Plaintiff's Exhibit 1, (Doc. 20-1), is hereby STRICKEN from the record.

**IT IS FURTHER ORDERED** that Defendant shall have forty-five (45) days from the entry of this order to answer Plaintiff's Complaint and prepare and file the certified administrative transcript of record.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE