IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD DAVID RODRIGUEZ,

       Plaintiff,

       vs.                            No. 1:18-CV-00988-KRS

ANDREW SAUL, Commissioner of
Social Security,

       Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court upon Plaintiff's "Order Setting Briefing Scedule [*sic*]" (Doc. 28), filed on July 10, 2019, which the Court construes as a motion to reverse/remand the determination of the Commissioner of the Social Security Administration ("SSA") that Plaintiff is not entitled to disability insurance benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83f. The Commissioner responded to Plaintiff's motion on November 12, 2019. (Doc. 34). With the consent of the parties to conduct dispositive proceedings in this matter, *see* 28 U.S.C. § 636(c); FED. R. CIV. P. 73(b), the Court has considered the parties' filings and has thoroughly reviewed the administrative record. Having done so, the Court concludes that the ALJ did not err and will therefore DENY Plaintiff's motion.

## I.  PROCEDURAL POSTURE

On June 21, 2016, Plaintiff filed an initial application for supplemental security income. (See Administrative Record ("AR") at 80). Plaintiff alleged that he had become disabled on April 4, 2016, due to a torn rotator cuff, neck and back problems, knee problems, high blood pressure, emotional disability and "difficulty," "difficulty functioning," and headaches. (*Id.* at 80, 226-27). His application was denied at the initial level on November 21, 2016 (*id.* at 80-94),

and at the reconsideration level on April 10, 2017 (*id.* at 95-112, 119-21). Plaintiff requested a

hearing (*id.* at 126-28), which ALJ Stephen Gontis conducted on April 19, 2018 (see *id.* at 26-

79). Plaintiff was represented by counsel and testified at the hearing. (*Id.* at 30-71, 75-77).

Vocational expert Nicole King (the "VE") also testified at the hearing. (*Id.* at 71-75).

On May 31, 2018, the ALJ issued his decision, finding that Plaintiff was not disabled

under the relevant sections of the Social Security Act. (*Id.* at 11-21). Plaintiff requested that the

Appeals Council review the ALJ's decision (*id.* at 6-7), and on March 25, 2019, the Appeals

Council denied the request for review (*id.* at 1-6), which made the ALJ's decision the final

decision of the Commissioner.

Meanwhile, on October 23, 2018, Plaintiff (acting pro se) filed the complaint in this case

seeking review of the Commissioner's decision. (Doc. 1). On January 11, 2019, the

Commissioner filed a motion to dismiss for lack of jurisdiction premised on the fact that

Plaintiff's appeal to the Appeals Council was still pending. (Doc. 17). After the Court entered an

Order to Show Cause (Doc. 18), to which Plaintiff did not respond, the Court granted the

Commissioner's motion on March 5, 2019 (Doc. 19). Plaintiff moved for reconsideration on

April 8, 2019 (Doc. 21), and the Court construed that filing as a request that its earlier dismissal

order be vacated (*see* Doc. 22). Because the Appeals Council had recently denied Plaintiff's

administrative appeal, the Court granted him this relief. (*See id.*).

After the Commissioner filed his answer (Doc. 23), the Court entered a briefing schedule

directing Plaintiff to file his motion to remand and supporting memorandum no later than August

15, 2019 (Doc. 27). On July 10, 2019, Plaintiff filed the instant document. (Doc. 28). Plaintiff's

filing did not identify any specific issues for review and did not cite any authority in support of

his filing. (*See id.*). Instead, Plaintiff only stated that "[t]he court has all supporting documents supporting my case" and that he "is filing a memorandum on or before Aug. 15, 2019." (*Id.*).

Despite the foregoing, Plaintiff has not filed any further documents in this action. Construing Plaintiff's filing as a motion to remand, the Commissioner filed a response brief on November 12, 2019, arguing generally that the ALJ did not err in determining that Plaintiff was not entitled to benefits. (*See* Doc. 34). Plaintiff did not file a reply brief.

## II.  LEGAL STANDARDS

### A.  Standard of Review

Judicial review of the Commissioner's decision is limited to determining "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016); *see also* 42 U.S.C. § 405(g). If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands, and the plaintiff is not entitled to relief. *See, e.g.*, *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). Although a court must meticulously review the entire record, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *See, e.g.*, *id.* (quotation omitted).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotation omitted); *Langley*, 373 F.3d at 1118 (quotation omitted). Although this threshold is "not high," evidence is not substantial if it is "a mere scintilla," *Biestek*, 139 S. Ct. at 1154 (quotation omitted); "if it is overwhelmed by other evidence in the record," *Langley*, 373 F.3d at 1118; or if it "constitutes mere conclusion," *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005) (quotation omitted). Thus, the Court must examine the record as a whole, "including anything that

may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan*, 399 F.3d at 1262. While an ALJ need not discuss every piece of evidence, "[t]he record must demonstrate that the ALJ considered all of the evidence," and "a minimal level of articulation of the ALJ's assessment of the evidence is required in cases in which considerable evidence is presented to counter the agency's position." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). "Failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (quotation omitted).

## B.   Disability Framework

"Disability," as defined by the Social Security Act, is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The SSA has devised a five-step sequential evaluation process to determine disability. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *Wall v. Astrue*, 561 F.3d 1048, 1051-52 (10th Cir. 2009); 20 C.F.R. §§ 404.1520, 416.920. If a finding of disability or non-disability is directed at any point, the SSA will not proceed through the remaining steps. *Thomas*, 540 U.S. at 24. At the first three steps, the ALJ considers the claimant's current work activity and the severity of his impairment or combination of impairments. *See id.* at 24-25. If no finding is directed after the third step, the Commissioner must determine the claimant's residual functional capacity ("RFC"), or the most that he is able to do despite his limitations. *See* 20 C.F.R. §§ 404.1520(e), 404.1545(a)(1), 416.920(e), 416.945(a)(1). At step four, the claimant must prove that, based on his RFC, he is unable to perform the work he has done in the past. *See Thomas*, 540 U.S. at 25. At the final step,

the burden shifts to the Commissioner to determine whether, considering the claimant's

vocational factors, he is capable of performing other jobs existing in significant numbers in the

national economy. *See id.*; *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988)

(discussing the five-step sequential evaluation process in detail).

### III.  THE ALJ'S DETERMINATION

The ALJ reviewed Plaintiff's claim pursuant to the five-step sequential evaluation

process. (AR at 11-13). He first determined that although Plaintiff had engaged in substantial

gainful activity after his alleged onset date, there had been a continuous twelve-month period

during which Plaintiff had not engaged in substantial gainful activity. (*Id.* at 13). The ALJ then

found that during the relevant period of no substantial gainful activity, Plaintiff suffered from the

following severe impairments: dysfunction of major joints, affective disorders, anxiety disorders,

and PTSD. (*Id.*). The ALJ also determined that Plaintiff suffered from hypertension and obesity,

but he concluded that these impairments were not severe. (*Id.*).

At step three, the ALJ concluded that Plaintiff did not have an impairment or

combination of impairments which met the criteria of listed impairments under Appendix 1 of

the SSA's regulations. (*Id.* at 14). As to Plaintiff's mental impairments, the ALJ found only

moderate limitations in understanding, remembering, or applying information; interacting with

others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. (*Id.*).

He further found that Plaintiff's subjective claims of physical and mental difficulties were not

based on objective medical evidence, which supported no more than moderate limitations. (*Id.*).

Proceeding to step four, the ALJ's narrative first addressed Plaintiff's self-reported

limitations before turning to his hearing testimony. (*Id.* at 16). At the hearing, Plaintiff appeared

in a wheelchair and with oxygen and a sling, all of which he said were required due to an earlier

car accident or other conditions, but none of which the ALJ found were indicated in any medical records. (*See id.*). The ALJ further noted that despite alleging he could not work after the accident, Plaintiff had worked above the threshold of substantial gainful activity since that time. (*See id.* at 17). Although Plaintiff claimed that his right hand had pins since his accident and could not be used to lift anything, the ALJ found no medical records discussing this. (*See id.*).

The ALJ found that the medical evidence reflected a history of back pain, cervical pain, and edema, and that Plaintiff's July 2017 records showed no breathing problems. (*Id.*). He found medical evidence that Plaintiff had a full and painless wrist range of motion; evidence of an intact rotator cuff repair in late 2016; and evidence of full range of motion in his right shoulder in early 2017. (*See id.*). He noted imaging showing only mild to moderate degenerative changes in Plaintiff's thoracic spine in March 2016, some subdeltoid bursitis in May 2016, and normal nerve conduction in February 2017. (*See id.*). As to mental health issues, the ALJ discussed records from Plaintiff's treating physician showing successful treatment of insomnia, a history of depression and related treatment, and repeated instances of Plaintiff having pleasant affect and intact cognitive function. (*See id.*).

The ALJ gave "little weight" to two documents from Plaintiff's treating physician, Kurt Kastendieck, M.D. (*See id.* at 18). The first opinion, a doctor's note referring Plaintiff to a psychiatrist and stating that he was unable to work, was deemed "conclusory," "not supported by an adequate explanation," and "contrary to the objective medical evidence." (*See id.*). The second opinion, submitted by Dr. Kastendieck in early 2018 and finding fairly "extreme" limitations, was discounted for having no explanation for the limitations, for being unsupported by objective evidence, and in particular for being unsupported by Dr. Kastendieck's own treatment notes. (*See id.*).

The ALJ's weighting of other opinions varied. (*See id.* at 17-19). Although consultative examiner Michael Gzaskow, M.D. assessed Plaintiff with relatively strong limitations due his PTSD and chronic mood swings, the ALJ afforded "limited weight" to these opinions, finding them "vague and not entirely consistent with the objective portions of the exam or the medical evidence showing normal behavior by the claimant." (*See id.* at 17). The ALJ only gave "some weight" to statements from Plaintiff's father, reasoning that the latter was "not a medical professional" and that his descriptions were not consistent with "the objective elements of the claimant's medical records." (*See id.* at 19). By contrast, the ALJ afforded "significant weight" to two state psychiatric consultants and two state medical consultants, all of whom found milder limitations than those assessed by Dr. Kastendieck or the CE. (*See id.* at 18-19).

In light of this narrative, the ALJ found that Plaintiff possesses an RFC to perform "light work" with multiple additional restrictions. (*Id.* at 15). Relying on this RFC and testimony from the VE at the hearing, the ALJ concluded that while Plaintiff could not perform any of his past relevant work, he is able to perform other jobs that exist in significant numbers in the national economy. (*Id.* at 19-20). On this basis, the ALJ determined that Plaintiff was not disabled under the meaning of the Social Security Act and not entitled to benefits. (*Id.* at 20).

## IV.  DISCUSSION

### A.  Plaintiff Has Forfeited Any Appeal

As previously noted, Plaintiff's motion articulates no specific grounds for relief and cites no legal authority supporting remand. (*See* Doc. 28). Instead, Plaintiff stated that the Court "has all supporting documents supporting my case," and he promised to file a brief no later than August 15, 2019. (*See id.*). Although well over a year has passed since that date, Plaintiff has filed nothing further. (*See id.*). These facts alone require denial of Plaintiff's motion.

It is well-established that any motion before this Court must "state with particularity the grounds for seeking [an] order," FED. R. CIV. P. 7(b)(1)(B); *see also* D.N.M.LR-Civ. 7.1(a) (same), and that any motion "must cite authority in support of the legal positions advanced," D.N.M.LR-Civ. 7.3(a). Plaintiff is proceeding pro se in this case, meaning that the Court must liberally construe his filings and hold him "to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also, e.g.*, *Streeter v. Berryhill*, 724 F. App'x 632, 634 (10th Cir. 2018) (unpublished) (citing, *e.g.*, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Nonetheless, "an appellant's *pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure." *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). The Tenth Circuit

> has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants. Thus, although [courts] make some allowances for the pro se plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements, the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record.

*Garrett*, 425 F.3d at 840 (internal citations and quotation marks omitted).

In *Garrett*, the Tenth Circuit held that a pro se plaintiff had waived his right to appeal because his brief did not follow the mandates of the Federal Rules of Civil and Appellate Procedure, including the requirement that a litigant specify his arguments for relief and point to record evidence and legal authority in support of those arguments. *See id.* at 840-41. As the court observed, appellate briefs must contain "more than a generalized assertion of error, with citations to supporting authority." *Id.* at 841 (quoting *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001)). "[W]hen a pro se litigant fails to comply with that rule," the Tenth Circuit admonished, "we cannot fill the void by crafting arguments and performing the necessary legal research." *Id.*

(quoting *Anderson*, 241 F.3d at 545). Ultimately, the court concluded, "the inadequacies of Plaintiff's briefs disentitle[d] him to review by [that] court." *Id.*

The Tenth Circuit has applied these principles to pro se proceedings challenging a finding of non-disability by the SSA. In *Streeter*, the claimant's trial-court filings simply described the findings of a single medical provider, without "articulat[ing] any factual or legal challenge to the ALJ's decision." *See Streeter*, 724 F. App'x at 634. After the trial court affirmed the ALJ's decision, the claimant appealed that decision to the Tenth Circuit; however, her appellate brief was also deficient, failing to "articulate any reason why she believe[d] the ALJ or the magistrate judge applied the wrong law, incorrectly evaluated the medical evidence, or otherwise erred." *See id.* "Because [the claimant] failed to articulate any factual or legal argument on appeal," the Tenth Circuit held that "she ha[d] forfeited appellate review," and it affirmed the trial court's judgment. *See id.* (citing *Garrett*, 425 F.3d at 840).

Since the Court acts in an appellate capacity when reviewing an ALJ's decision, *see* 42 U.S.C. § 405(g), district courts have applied the same standards in proceedings such as this one. In *Chacon*, the claimant filed a two-sentence motion to remand simply stating that denial of his application for benefits "may have been unmerited uneder [*sic*] Social Security Administration rules + regulations, and evidence being submitted." *See Chacon v. Astrue*, CV 12-553 WPL, 2012 WL 13071872, at *1 (D.N.M. Nov. 19, 2012). The Honorable William P. Lynch, United States Magistrate Judge, acknowledged that the claimant's filings were to be liberally construed, but he observed that the claimant "ha[d] not articulated a single reason why the ALJ's opinion was erroneous." *See id.* at *2. Because the claimant had not bothered to point to any specific error by the ALJ or cite to any legal authorities in support of remand, Judge Lynch denied the

claimant's motion, concluding that he "w[ould] not search the almost one thousand page record

to determine *if* the ALJ might have erred." *See id.* (internal citations omitted).

The Honorable Lorenzo F. Garcia, United States Magistrate Judge, reached the same

conclusion in denying a six-paragraph remand motion that "failed to identify any errors by the

ALJ." *See Duran v. Astrue*, No. CIV 11-844 LFG, 2012 WL 13076328, at *6 (D.N.M. Sept. 12,

2012). Judge Garcia found that remand was not warranted under those circumstances:

> Here, it appears that [claimant] hopes the Court will fill in as her advocate since she
> failed to identify any challenges she might have with respect to the ALJ's findings
> and conclusions at steps one through five of the sequential process. This would
> require the Court to search the entire record, compare the record to the ALJ's
> thorough analysis, and attempt to construct arguments for [claimant] on issues she
> did not identify. . . .
>
> [Claimant]'s brief sets forth no express arguments that the ALJ's findings were not
> supported by substantial evidence or that the ALJ committed legal error. In other
> words, [claimant]'s brief provides the Court with nothing to review under the
> pertinent legal standards. . . . The Court is not a mind reader; it cannot dissect
> [claimant]'s scant brief and imagine what issues she might have intended to raise.
> Indeed, the Court is prohibited from undertaking this role of [claimant's] legal
> representative.

*Id.* at *7-8 (internal citations omitted).

The Court finds *Streeter*, *Chacon*, and *Duran* to be persuasive decisions that are fully

applicable to the instant case. As in those cases, Plaintiff's motion to remand provides "no

express arguments that the ALJ's findings were not supported by substantial evidence or that the

ALJ committed legal error." *See id.* at *7. Indeed, Plaintiff has articulated no specific grounds

whatsoever for concluding that remand is proper. (*Cf.* Doc. 28). Moreover, despite promising to

supplement his motion to remand with a memorandum brief "on or before Aug. 15, 2019" (*id.*),

Plaintiff has submitted nothing further in support of his motion in the *fourteen months* since

filing that document. The Court cannot "round out [Plaintiff's] complaint or construct a legal

theory on [his] behalf." *Duran*, 2012 WL 13076328, at *8 (quoting *Whitney v. State of New*

*Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997)); *see also Hall*, 935 F.2d at 1110 ("[W]e do

not believe it is the proper function of the district court to assume the role of advocate for the pro

se litigant."). Nor may the Court be required to search an extensive administrative record,

without any guidance from Plaintiff, for an indication of how the ALJ *might* have erred. *See*

*Chacon*, 2012 WL 13071872, at *2. Because he has effectively forfeited his right to appeal the

ALJ's decision, Plaintiff's motion to remand must be summarily denied. *See, e.g.*, *id.*

### B.  The Commissioner's Findings and Decision are Due to be Affirmed

In the alternative, Plaintiff's motion is due to be denied on more substantive grounds. The

Court observes that Plaintiff's submission to the Appeals Council following the ALJ's decision

states the following grounds for review:

> prejudice, Judge more less called my doctor and myself a liar. I am mostly mentaly
> dissabled on oxygen all day all night, all kinds of meds

(AR at 186) (all errors in original). It is not at all clear that these are the same grounds for relief

that Plaintiff would have alleged had he submitted a proper motion for remand in these

proceedings.[1] That said, granting a liberal construction to Plaintiff's filings in this action and in

the proceedings below, the Court interprets these filings to suggest that Plaintiff is challenging

(1) the ALJ's weighting of his treating physician's opinions; (2) the ALJ's evaluation of

Plaintiff's allegations concerning his subjective symptoms; and (3) in general terms, the ALJ's

RFC findings. (*See id.*); (*see also* Doc. 1 at 2-4). Even under this generous interpretation of the

record, however, Plaintiff's motion must be denied.

The Court finds no error as to the ALJ's weighting of the opinions offered by Plaintiff's

treating physician, Dr. Kastendieck. When evaluating a treating source, an opinion that is not

---

[1] For example, Plaintiff has already appeared to back off of any "prejudice" arguments as to the ALJ. (*See* Doc. 20 at 1) ("I regret saying the judge was prejudice . . . .").

"well-supported by medically acceptable clinical and laboratory diagnostic techniques" need not

be afforded controlling weight. *See Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003).

In such situations, the ALJ must consider (1) the length of the treatment relationship and

frequency of examination; (2) the nature and extent of the treatment relationship; (3) the

supportability of the source's findings; (4) the consistency of the source's findings with the

record as a whole; (5) whether or not the source is a specialist; and (6) any other factors that the

claimant brings to the ALJ's attention. 20 C.F.R. § 416.927(c)(1)-(6).[2] "An ALJ is not required

to expressly discuss each factor in deciding what weight to give a medical opinion," and his

weighting will not be disturbed if his findings are "sufficiently specific to make clear" his

reasons for that weight. *Golden-Schubert v. Comm'r, SSA*, 773 F. App'x 1042, 1050 (10th Cir.

2019) (unpublished) (quoting *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007)). Here,

the ALJ acknowledged Dr. Kastendieck's longitudinal examination records (*see, e.g.*, AR at 17)

(citing Exhibits 9F & 11F), and he found that Dr. Kastendieck's recent opinions on Plaintiff's

physical limitations were "not supported by the objective evidence, including [his] own

treatment notes" (*id.* at 18). The ALJ further found that a note from Dr. Kastendieck, opining

without elaboration that Plaintiff was unable to work, was "conclusory" and "contrary to the

objective medical evidence outlined in the claimant's medical records, including largely normal

physical exams." (*Id.*). These findings establish that the ALJ properly considered all of the

factors set forth in 20 C.F.R. § 416.927(c) when evaluating Dr. Kastendieck's opinions.

Moreover, considering the record as a whole (and in the absence of any developed argumentation

---

[2] SSRs are binding on the SSA, and while they do not have the force of law, courts traditionally defer to SSRs since they constitute the agency's interpretation of its own regulations and foundational statutes. *See Sullivan v. Zebley*, 493 U.S. 521, 531 n.9 (1990); 20 C.F.R. § 402.35; *see also Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1051 (10th Cir. 1993) (SSRs entitled to deference). Because Plaintiff filed his claim with the SSA prior to March 27, 2017, the new rules for evaluating opinion evidence set forth in 20 C.F.R. § 416.920c do not apply here.

from Plaintiff), the Court cannot say that the ALJ's decision to afford Dr. Kastendieck's opinions "little weight" was contrary to the law or unsupported by substantial evidence.

The Court also finds no error in the ALJ's assessment of Plaintiff's subjective symptom evidence.[3] SSA policy direct that an ALJ must consider whether a claimant's allegations as to the intensity, persistence, and limiting effects of symptoms are consistent with objective medical evidence and other record evidence. *See* SSR 16-3p, 2016 WL 1119029, at *6 (Mar. 16, 2016). An ALJ's subjective symptom evaluations "warrant particular deference." *White v. Barnhart*, 287 F.3d 903, 910 (10th Cir. 2002). Here, having laboriously evaluated Plaintiff's alleged symptoms and the record as a whole, the ALJ determined that many of Plaintiff's purported limitations were inconsistent with or unsubstantiated by the objective medical and non-medical evidence. (AR at 15-19). For example, although Plaintiff appeared at his hearing in a wheelchair, the need for which he attributed to a car accident two or three years earlier,[4] the ALJ found nothing in his medical records indicating the need for any assistive device. (*Id.* at 16, 30). Moreover, the ALJ found that the record was replete with medical evidence showing that Plaintiff consistently had a normal gait and normal musculoskeletal function following his accident. (*Id.* at 17, 18). Plaintiff also used an oxygen tank at the hearing, claiming that it had been prescribed by his doctor; again, though, the ALJ found no medical evidence to support that claim. (*Id.* at 16). Likewise, the ALJ determined that Plaintiff's claim that he "cannot lift

---

[3] In 2016, SSA eliminated the use of the term "credibility" when describing a claimant's testimony to "clarify that subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p, 2016 WL 1119029, at *1 (Mar. 16, 2016). This rule supersedes SSR 96-7p, which previously governed "the credibility of an individual's statements." *See* 1996 WL 374186 (July 2, 1996). The Court construes Plaintiff's allegation that the ALJ found him to be "a liar" (Doc. 28) as challenging the ALJ's subjective symptom evaluation.

[4] At his April 19, 2018 hearing, Plaintiff stated that his accident was "on April 4" and agreed when the ALJ characterized it as "pretty recent." (AR at 30). However, after his attorney sought to clarify the record, Plaintiff admitted that the accident in question occurred on "April 4th of *2015*." (*Id.* at 33) (emphasis added). Other records suggest the accident may have instead occurred in April 2016. (*See, e.g.*, *id.* at 315) (emergency room records from July 17, 2016, in which Plaintiff complained of pain stemming from "a [motor vehicle accident] back in [A]pril"); (*id.* at 493) (physical therapy records noting accident date of "4/4/16").

anything" with his right hand was unsupported by objective evidence. (*See id.* at 16-17). This record establishes that the ALJ's subjective symptom assessment was supported by substantial evidence, and Plaintiff offers no reason to think otherwise.

Finally, even affording his filings a liberal construction, it does not appear that Plaintiff offers any other specific challenges to the ALJ's factual findings or his weighting of the remaining opinion evidence. Having meticulously reviewed the ALJ's decision, the evidence cited therein, and other evidence of record, the Court therefore finds that the ALJ's RFC determination was supported by substantial evidence. *See Streeter*, 724 F. App'x at 635 (citing *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012)).

## V.  CONCLUSION

Because Plaintiff failed to articulate any factual or legal argument in support of remand, he has forfeited review of the ALJ's decision. *See, e.g.*, *id.* (citing *Garrett*, 425 F.3d at 840). In the alternative, the Court concludes after a thorough review of the entire administrative record that the ALJ applied the correct legal standards and that his factual findings were supported by substantial evidence. Therefore, Plaintiff's motion to remand (Doc. 28) is **DENIED**.

_____
**KEVIN R. SWEAZEA**
**UNITED STATES MAGISTRATE JUDGE**